UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,

        Plaintiff,

        - against -                                        Civil No. RDB-12-1026

$6,631.00 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## GOVERNMENT'S MOTION TO STRIKE CLAIM FOR FAILING TO COMPLY WITH SUPPLEMENTAL RULE G(5)

The Plaintiff, the UNITED STATES OF AMERICA, by and through undersigned counsel hereby respectfully requests an order that strikes the Claim of Tony Bathea. Because Mr. Bathea has failed to comply with the pleading requirements in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the motion should be granted.

**I.    PERTINENT PROCEDURAL HISTORY**

1.    On April 3, 2012, the government filed a Verified Complaint *In Rem* for Forfeiture against $6,631.00 in U.S. Currency (hereinafter, "the Defendant Currency"). (Doc. 1)

2.    The Complaint alleges that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3.    Title 21, United States Code, Section 881(a)(6) allows for the forfeiture of property that constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments,

and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

4.      Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter, the "Supplemental Rules"), copies of the Verified Complaint and other pertinent documents were sent by mail on April 6, 2012, to William Davis, Esq., attorney for Tony Bathea at 136 East Main Street, Suite D, Elkton, Maryland 21921.

5.      On May 10, 2012, Tony Bathea (hereinafter, "Bathea") filed a Verified Claim to the government's Complaint via his attorney. (Doc. 4)

6.      Pursuant to Supplemental Rule G(5)(b), which requires a claimant to file an answer to the government's complaint within twenty-one (21) days of filing a claim, Bathea's answer was due, at the latest, by May 31, 2012.  To date, no answer has been filed.

## II.     ARGUMENT

Courts generally require "strict compliance" with the pleading requirements in Supplemental Rule G(5); the pleading requirements are not treated as "mere procedural technicalit[ies]." United States v. $487,825.00, 484 F.3d 662, 664-65 (3rd Cir. 2007) (collecting cases). See United States v. $12,126.00, 337 Fed. Appx.818, 820 (11th Cir. 2009) ("the district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5)"); United States v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335 (D.N.J. 2010) (holding that the pleading requirements in Rule G(5) must be strictly enforced) (collecting cases); United States v. 40 Acres of Real Property, 629 F. Supp. 2d 1264, 1275 (S.D. Ala. 2009) (same).  As one district court noted in construing the predecessor to the current rule, "[s]trict conformity, not casual compliance, is the message of the case literature." United States v. $288,914.00 U.S. Currency, 722 F. Supp. 267, 270 (E.D. La.1989).

The rule of strict compliance applies with particular force to the requirement in Supplemental Rule G(5)(b) that the claimant file a timely answer to the government's complaint. The purpose of the answer is to give the plaintiff reasonable notice of the parts of its complaint that the claimant intends to put in issue. United States v. 1866.75 Board Feet and 11 Doors and Casings, 2008 WL 839792 (E.D. Va. 2008). See United States v. One 1996 Vector M12, 442 F. Supp. 2d 482, 486 (S.D. Ohio 2005) ("the purpose of an answer is to set forth in detail the claims and defenses which the claimant believes support his assertion of claim to the property). Accordingly, the claimant must specifically deny the essential allegations in the government's complaint or they will be deemed admitted. United States v. $41,580.00 in U.S. Currency, 253 Fed. App. 880, 881-82 (11th Cir. 2007). If the claimant fails to file an answer, the government and the court are left to guess as to which allegations in the complaint are admitted and which will require proof at trial. United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 102-03 (D.D.C. 2009).

For these reasons, courts routinely enforce the pleading requirements by granting motions to strike a claim for failure to file a timely answer. See, e.g., United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d at 104 (granting Rule G(8)(c) motion to strike for failure to file an answer); United States v. 40 Acres of Real Property, 629 F. Supp. 2d at 1275 (pleading requirements in Rule G(5) must be strictly enforced; claimant who filed claim but no answer lacked statutory standing) (collecting cases); United States v. Approximately Twenty Mexican Gold Coins, 2009 WL 1870892, *1 (D. Kan. 2009) (dismissing claim for failure to comply with Rule G(5) in that claim was not signed under penalty of perjury, was filed on behalf of others without stating there was a valid bailment, and claimant failed to file an answer); United States v. Aero Jet Commander Aircraft, 2005 WL 2000670, *2 (S.D. Tex. 2005) (granting Government's motion to strike claim of

3

lien holder that filed claim but no answer; claimant who fails to comply with Rule C(6) lacks statutory standing); United States v. $138,381 in U.S. Currency, 240 F. Supp. 2d 220, 228-29 (E.D.N.Y. 2003) (failure to file answer results in dismissal of claim; claimant cannot rely on answer filed by another claimant that she did not sign); United States v. $345,510.00 in U.S. Currency, 2002 WL 22040, *3 (D. Minn. 2002) (failure to file answer results in entry of default judgment even though claimant filed "statement of interest"); United States v. One Parcel of Real Property at Route 2, 46 F. Supp. 2d 572, 581, 583 (S.D. Miss. 1998) (claimant who filed claim but no answer and second claimant who filed answer but unverified claim both lack statutory standing; courts enforce pleading requirements strictly) (citing cases).

Pursuant to Supplemental Rule G(5)(a)(ii), any person who wants to assert an interest in property listed in a complaint for forfeiture, must file a verified claim within thirty-five (35) days of the date notice is sent. In the instant case, the government sent notice of its Complaint on April 6, 2012.  Therefore, a claim was due by Bathea on or before May 11, 2012. On May 10, 2012, Bathea filed a Verified Claim via his attorney.  Pursuant to Supplemental Rule G(5)(b), Bathea then had twenty-one (21) days in which to file an answer.[1]  Accordingly, an answer was due on or before May 31, 2012. To date, no answer has been filed, nor has any extension of time been requested.

Accordingly, Bathea has failed to comply with the pleading requirements in Supplemental Rule G(5)(b), and his claim should thus be stricken pursuant to Supplemental Rule G(8)(c)(i)(A) for lack of statutory standing. Cf. United States v. $315,298.52 in United States Currency, 2010 WL 1529404, *1 (D. Md. 2010) (claimant who filed answer but no claim lacked statutory standing).

---

[1] Beginning on December 1, 2009, Supplemental Rule G(5)(b) went from requiring that an answer be filed within twenty (20) days of filing a claim to requiring that an answer be filed within twenty-one (21) days of filing a claim.

4

**III.     CONCLUSION**

For the reasons set forth herein, the United States respectfully moves this Court to strike the claim of Tony Bathea for lack of statutory standing. Additionally, the government seeks a Final Order of Forfeiture against the Defendant $6,631.00 in U.S. Currency. [2]

This 19th day of June, 2012.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

  /s/
Stefan D. Cassella
Assistant United States Attorney
Lauri Waldman, Esq.
Law Clerk
36 S. Charles Street
Fourth Floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

---

[2] On April 9, 2012, notice of the pendency of the instant case was posted on an official government internet site (www.forfeiture.gov) pursuant to Supplemental Rule G for thirty (30) consecutive days. A copy of the certification of advertising is annexed hereto as **Exhibit A**. All persons wishing to make a claim to the Defendant Currency had sixty (60) days from the first date of publication on the official government website to do so. That time period expired on June 8, 2012, and no claim other than the claim of Tony Bathea has been filed. Thus, no person can now come forth and make claim to the Defendant Currency as the applicable time in which to do so has passed.